**McLAUGHLIN & STERN, BALLEN AND MILLER, Plaintiff,**

**v.**

**ALLEGHENY BEVERAGE CORPORATION, Morton M. Lapides, Harry J. Conn, Valu Vend, Inc., and Valu Vend Credit Corporation, Defendants.**

**Civ. No. 6–72323.**

United States District Court, E. D. Michigan, S. D.

Dec. 20, 1978.

McLaughlin, Stern, Ballen & Miller, New York City, for plaintiffs; Stephen S. Bernstein, Sol I. Sokolsky, New York City, of counsel.

Webster & Sheffield, New York City, for defendants; Harvey D. Myerson, Nancy E. Friedman, New York City, of counsel.

## ORDER DENYING MOTION
## TO DISMISS

THORNTON, District Judge.

Defendants have moved to dismiss the Complaint herein on the grounds that each of plaintiff's causes of action fails to state a claim upon which relief can be granted and is barred by the statute of limitations. Plaintiff (hereinafter plaintiffs) filed the instant Complaint May 11, 1967 in which it asserts one claim for fraud and another for defamation. The suit was filed in the United States District Court, District of Maryland and is before this Court pursuant to multidistrict litigation procedure.

In their brief in opposition to defendants' motion to dismiss their Complaint plaintiffs describe their first cause of action as one seeking to recover $200,000, the cost to them "of defending an action brought in the United States District Court for the District of Columbia by the Securities and Exchange Commission against us, Allegheny Beverage Company, all the other defendants in this action, certain of their counsel and accountants, and a bank." The Commission charged that plaintiffs (herein) had conspired with defendants (herein) "to commit fraud and to violate provisions of the Securities Laws." Their second cause of action seeks punitive damages for the same "wrong."

██ The underlying situation involved defendants' participation in the sale of Valu Vend Credit Corporation's 10% subordinated debentures January 3, 1972. The underwriters were First Duso Securities Corporation for whom plaintiffs were legal counsel. Plaintiffs say that they attended the closing and "were told untruths and deliberately misled by the defendants in this action with the intent and for the purpose" of persuading them to allow the matter to be closed and the debentures to be delivered. Plaintiffs say that had it not been for the fraud the closing would not have taken place. On May 18, 1973 plaintiffs were served with summons and complaint in the SEC action in which they were accused of the conspiracy hereinabove adverted to. It is plaintiffs' position that they were accused of the very fraud which was actually perpetrated against them. Defendants argue that plaintiffs have no cause of action because they were negligent in having failed to discover the fraud which they allege was committed on them by defendants. Defendants say that such alleged negligence defeats plaintiffs' action for fraud. Plaintiffs contend that they did everything they were required to do and deny that they were negligent. As to whether or not plaintiffs were negligent a question of fact must be deemed to exist. Assuming, arguendo, that plaintiffs were negligent, can defendants be heard to say that the fraud which they allegedly committed on plaintiffs is subject to a defense of negligence on the part of plaintiffs? This is a different question from the issue of the duty owed by plaintiffs (underwriter's counsel) to the investing public.

The crux of defendants' argument in support of their motion is that since plaintiffs failed to investigate adequately and thus discover the alleged fraud (which defendants deny exists or occurred) they cannot state a claim upon which relief can be granted. Defendants argue that "counsel for the underwriters may not rely on alleged misrepresentations of the issuer's management." (Defendants' Memorandum in Support of Motion to Dismiss, p. 10.) We find this "black letter law in this country" (so denominated by defendants) persuasive with respect to the relationship between counsel for the underwriter and the investing public. We find it peculiarly unpersuasive as applied to the issuer's management vis-a-vis counsel for the underwriter. Plaintiffs have stated it in simple terms at page 4 of their brief in opposition to the motion—"while counsel owe the public a duty not to be deceived by the issuer, counsel do not owe the same duty to the *deceiver* not to be deceived." Defendants argue at page 12 of their Memorandum that plaintiffs cannot "avoid the clear mandate of BarChris" (*Escott v. BarChris Construction Corporation*, 283 F.Supp. 643 (S.D.N.Y. 1968)). It appears to this Court that *BarChris* is inapposite. That action was

brought by *purchasers* of 5½% convertible subordinated 15-year debentures of Bar-Chris Construction Corporation. The defendants were persons who signed the registration statements, the underwriters, and BarChris's auditors. Defendants herein quote several paragraphs from the *BarChris* opinion, commenting that "the court found counsel's conduct to be far below that required to protect the public interest." (Defendants' Memorandum, p. 11.) Even if we assume here for purposes of defendants' Motion to Dismiss that plaintiffs were derelict in their duty, were in fact negligent, it is a non sequitur to say that they are precluded from seeking damages from those who in fact deceived them, those who effectively prevented them from performing a duty owed to and for the benefit of the investing public. Defendants' logic is tantamount to illogic. Defendants contend further that the damages plaintiffs seek to recover are not directly attributable to the fraud for which plaintiffs seek to hold them accountable. Defendants argue that the damages sought by plaintiffs herein were occasioned by the SEC in requiring plaintiffs to defend the action against them. This Court views such action as a direct result of the deceit practiced by defendants on plaintiffs (assuming that such deceit did in fact occur).

██ We turn now to the second ground of defendants' Motion to Dismiss, the statute of limitations. Plaintiffs and defendants are in disagreement as to whether this action is governed by the laws of the State of Maryland or the laws of the State of New York. The statute of limitations of the latter is six years and of the former three years. Defendants contend that plaintiffs' action is barred by the Maryland statute of limitations and that Maryland law is controlling here. They say that plaintiffs' Complaint filed May 11, 1976 overruns the three-year statute by one and one-half years. Defendants rely on the dates of December 1971 and January 1972 as the commencement of the running of the statute, those being the dates of the alleged wrong. Plaintiffs contend that the New York six-year statute of limitations controls but that even if the three-year statute be controlling their suit is still not time barred. Plaintiffs' position is that the statute commenced to run May 18, 1973 when they received the SEC complaint. They point out, at page 13 of their brief in opposition to the motion, as follows:

> As the defendant points out in his brief the elements of a cause of action for fraud are representation, falsity, intent, scienter, reliance and *injury*. If any of these elements is lacking there is no actionable fraud. In this case all of the elements save one, *injury*, took place on December 31, 1971 or January 3, 1972, but the last essential element, damage, did not occur until May 18, 1973 at the earliest when the summons and complaint in SEC against Allegheny, et al was served upon us, or arguably at a later date when we first retained counsel to defend us. The date of service was the first date upon which we discovered or could reasonably discover the fraud. Up until that time we had not been hurt, we had no cause of action, we could not have sued, and our claim had not accrued. 54 Corpus Juris Secundum 185 puts the matter this way:

> Where, however, a cause of action for fraud does not become complete until damage results from the alleged fraudulent act, the statute of limitations does not begin to run until damage is suffered.

The Court has concluded that plaintiffs' action here is not foreclosed by the statute of limitations for either New York or Maryland.

Defendants' Motion to Dismiss plaintiffs' Complaint is hereby DENIED.